## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MICHEAL MANNING | ) |
| Plaintiff, | ) )  ) |
| v. | ) CASE NUMBER: 07-702-M |
| AMERIQUEST MORTGAGE COMPANY, | ) ) |
| CITIMORTGAGE, INC. d/b/a | ) |
| CITIFINANCIAL MORTGAGE | ) |
| COMPANY, INC. | ) |
| Defendants. | ) ) |

### COMPLAINT

NOW COMES the Plaintiff and as his Complaint against Defendant Ameriquest Mortgage Company avers as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

### SUMMARY OF CLAIMS

These claims arise from a real estate loan transaction resulting in a mortgage upon Plaintiff's home in Millry, Alabama. Specifically, Plaintiff asserts claims against Defendants Ameriquest Mortgage Company ("AMC") and CitiFinancial Mortgage Company ("Citi") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. AMC, the loan originator, failed to make accurate disclosures as required under TILA. AMC also failed to provide adequate notice of Plaintiff's statutory right to cancel the transaction. As a consequence of the failure to provide adequate notice, Plaintiff has retained his right to cancel the transaction. Plaintiff has exercised that right by delivering written notice of his election to cancel in accordance with the requirements of TILA. Notice of Plaintiff's recission was also sent to Citi, which acquired the mortgage from AMC and is liable for TILA damages and rescission under 15 U.S.C. 1641. AMC and Citi have wrongfully failed to recognize Plaintiff's rescission and have failed to comply with other TILA obligations with respect to Plaintiff's loan cancellation. Plaintiff seeks a court determination that

the transaction has been rescinded. Plaintiff also seeks statutory and actual damages for violations of TILA, plus attorneys fees and costs.

## THE PARTIES

1.    Plaintiff is of full age of majority and a resident citizen of Mobile County, Alabama.

2.    Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

3.    CitiMortgage, Inc. does business as CitiFinancial Mortgage Company ("Citi") and is a New York corporation with its principal place of business in Irving, Texas. At all relevant times, Citi was engaged in the making, holding and/or selling of federally related residential mortgage loans. Citi does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

4.    On or about October 19, 2004, Plaintiff obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $100,000 and was secured by a mortgage security interest in Plaintiff's home located at 4900 Montee Road in Theodore, Alabama.

5.    At some point after closing, the loan was sold, transferred and assigned to Citi.

6.    Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to Plaintiff's loan with AMC. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is

2

required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c). City is an assignee within the meaning of 15 U.S.C. § 1641(c).

7.    A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's wish to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

8.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

9.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d).

10.    AMC failed to provide the required notice of Plaintiff's right to cancel the loan with AMC. The form that was supplied to Plaintiff was blank, unsigned and not dated. A copy of said form is attached as Exhibit "A."

11.    With respect to Plaintiff's loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

12.    Pursuant to TILA, Section 15 U.S.C. 1635, Plaintiff has retained a right to rescind his mortgage with respect to his loan with AMC.

13.     By letter dated August 13, 2007, Plaintiff, through his attorney, notified AMC of his election to rescind the loan. In the notice, Plaintiff offered to discuss arrangements for tender as might be required under TILA, Section 15 U.S.C. § 1635(b).

14.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said the security interest is void upon delivery of the notice of the election to cancel.

15.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling. AMC subsequently assigned the security interest to Citi.

16.     AMC and Citi are each a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**COUNT I**
**TILA Violations**

17.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

18.     Plaintiff has properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

19.     Defendants have violated TILA, with respect to the Plaintiff's loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

> (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against AMC and Citi and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages of as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

4

C)    Rescission of the loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Defendants to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Defendants, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the Defendants to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

KENNETH J. RIEMER (RIEMK8712)
One of the Attorney for Plaintiff
P.O. Box 1206
Mobile AL 36633
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
Email: kjr@alaconsumerlaw.com

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104

CitiMortgage, Inc.
4050 Regent Boulevard
Irving, TX 75063

# NOTICE OF RIGHT TO CANCEL

LENDER:  Ameriquest Mortgage Company

BORROWER(S): Michael D Manning

ADDRESS:  4900 Montee Road
CITY/STATE/ZIP:  Theodore, AL 36582

PROPERTY:  4900 Montee Road
Theodore, AL 36582

DATE:  October 19, 2004
LOAN NO.:  0097147466 - 7381
TYPE:  FIXED RATE

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is    **ENTER DOCUMENT SIGNING DATE**    ;

    or
2. The date you received your Truth in Lending disclosures;
    or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1600 S Douglass Rd**
**Anaheim, CA 92806**

ATTN:  **FUNDING**
PHONE:  **(714)834-3494**
FAX:  **(800)664-2256**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of    **ENTER FINAL DATE TO CANCEL**

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

SIGNATURE _____   DATE _____

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

BORROWER/OWNER Michael D Manning _____ 10-19-04 Date

BORROWER/OWNER Maria Manning _____ Date

BORROWER/OWNER _____ 10-19-04 Date

BORROWER/OWNER _____ Date

1064-NRC (Rev 11/03)

**LENDER COPY**

10/19/2004 1:55:35 P



EXHIBIT

A